Robinson, J.
 

 Tbe respective rights of tbe parties hereto arise out of a contract issued by the Baltimore & Ohio Railroad Company to tbe decedent, Agnes Anderson, a mortgage executed by Agnes Anderson to tbe Real Estate
 
 &
 
 Improvement Company of Baltimore City, a contract entered into between tbe relief department of tbe Baltimore & Ohio Railroad Company, a department of tbe Baltimore & Ohio Railroad Company, and tbe Real Estate
 
 &
 
 Improvement Company of Bal
 
 *98
 
 timore City, to which the decedent and Richard P. Sparks were parties, and a contract between the parties that upon the happening of certain contingencies Richard P. Sparks be subrogated to the rights of the Real Estate & Improvement Company under the mortgage, all of which agreements are carried into the record by a statement of their purport rather than by copy.
 

 The contract between the Baltimore & Ohio Railroad Company, through its relief department, with the decedent, was in the nature of a life insurance policy, and consisted of an application filed by the decedent and an acceptance thereof by the company, which application designated Richard P. Sparks as the beneficiary in the event of death, and also contained a provision “or whomsoever I may hereafter from time to time designate in writing by way of substitution, with the written consent of the superintendent.”
 

 The regulations of the relief department provide:
 

 “The beneficiary or beneficiaries named in any application for full membership, if the applicant be married, must be his wife or his wife and children. If he be single, the beneficiaries must be his father and mother or the survivor. No application will be accepted which does not comply with these requirements unless the superintendent waive the same for reasons satisfactory to him. No one shall be entitled as the beneficiary of a member who is not the widow or a relation not more remote than a first cousin, except in case of the assignment to the superintendent of the natural death benefit to secure a loan from the savings
 
 *99
 
 feature, or in ease of the taking of special natural death benefit for that purpose.”
 

 The record discloses that the decedent was unmarried; that she had no father or mother; that Richard OP. Sparks was an uncle; and that the application had been accepted by the superintendent. The waiver by the superintendent will therefore be presumed. The record also discloses that the application of March
 
 24,
 
 1920, was for the purpose of obtaining special natural death benefits to secure a loan.
 

 The subject-matter of this contract was one with reference to which all the parties thereto had a right to contract.
 

 This court has repeatedly held that a policy of insurance is a contract.
 
 Ohio Farmers Ins. Co.
 
 v.
 
 Cochran, 104
 
 Ohio St., 427, 135 N. E., 537;
 
 Arnold v. Newcomb, 104
 
 Ohio St., 578, 136 N. E., 206, and
 
 Keckley et al., Exrs.,
 
 v.
 
 Coshocton Glass Co.,
 
 86 Ohio St., 213, 99 N. E., 299, Ann. Cas. 1913D, 607. The insurance contract under consideration does not differ in respect to its contractual character from insurance policies generally.
 

 Construing the contract as disclosed by this record, the relief department of the Baltimore
 
 &
 
 Ohio Railroad Company entered into a contract with the decedent that in consideration of the payment of certain stipulated sums, it would pay to the beneficiary named, or to whomsoever she might thereafter designate in writing by way of .substitution, with the written consent of the superintendent, the sum of $2,500. The record discloses that she immediately thereafter designated the superintendent of the relief department, as her bene
 
 *100
 
 ficiary to the extent of the sum which might remain unpaid at her death upon a mortgage which she had executed to the Real Estate & Improvement Company “in order to provide a fund from which in the event of her death before repaying the principal and interest, the amount of her indebtedness on account of said loan might be paid the relief department, at its option, to be applied to the liquidation of the debt due it by said Improvement Company and to be credited as a payment of said Agnes Anderson on the debt to the said Improvement Company.”
 

 The record discloses that the relief department exercised its option and applied the sum of $2,-422.17 to the liquidation of the debt due it by the Improvement Company, and credited it as a payment of the decedent on the debt to the Improvement Company.
 

 The record discloses that Richard P. Sparks and the decedent, at the time of the execution of the mortgage, made an assignment of the benefits, to the superintendent of the relief department for the purpose of further securing the Improvement Company upon its loan to the decedent.
 

 The record also discloses that, contemporaneous with the assignment, an agreement was entered into by the decedent whereby Richard P. Sparks was to be .subrogated, in the event of the death of decedent and the application of the benefits to the payment of the mortgage, to all the rights of the Improvement Company under the mortgage. The right to subrogation by contract has long been recognized by the courts, but a subrogation based upon contract must stand or fall by the law ap
 
 *101
 
 plicable to contracts and must be supported by a consideration.
 

 Tbe contract of insurance between tbe relief department and the decedent reserved to the decedent the right to designate in writing another or other beneficiaries with the consent of the superintendent, and regulation 18 expressly provided for the assignment of the benefits to the superintendent for the purpose of securing a loan.
 

 The right of Richard P. Sparks as beneficiary of this insurance contract, at the time he joined with the decedent in assigning the benefits to the superintendent of the relief department, was a mere expectancy, which might have been defeated at any time by the decedent ceasing to comply with the terms of the contract, by her designation of another next of kin within the degree of first cousin, or by assignment to the superintendent of the relief department, and, while Richard P. Sparks might have withheld his consent to the assignment of benefits to the superintendent of the relief department, he could not have prevented decedent from accomplishing the transfer by the simple process of herself designating the superintendent of the relief department as her beneficiary to the extent of her indebtedness. He, therefore, by this assignment parted with nothing that he had dominion over or any right which he could retain against her will. The assignment of a mere hope or expectancy that decedent would keep the policy in force and in his favor was not the assignment of any right or thing vested in him, and furnished no consideration for the agreement of the decedent that he be subrogated to the rights of
 
 *102
 
 the Improvement Company under the mortgage. The record discloses no other consideration for the agreement of subrogation.
 

 There are no equities here in favor of Richard P. Sparks, and against the infant heir of decedent, which require a court to decree to Richard P. Sparks a lien by subrogation, thus to consume the estate which by law will descend to the infant. The contract of subrogation being the only ground upon which subrogation could be justified in this case, and that contract having failed for want of consideration, no subrogation can be ordered.
 

 We are unable to follow counsel in their argument that the payment of the mortgage indebtedness was payment out of the money belonging to Richard P. Sparks.
 

 The payment of the $2,422.17 to the Improvement Company, being the payment directed by the contract between the relief department and the decedent, satisfied the mortgage and extinguished the debt. With reference to the balance of $77.83, the court holds that Richard P. Sparks is entitled thereto by reason of the fact that as to that balance the decedent made no designation in the contract of insurance other than to him.
 

 The judgment of the Court of Appeals and that of the common pleas in that respect will be affirmed, but in respect to the subrogation of Richard P. Sparks to the rights of the Improvement Company under the mortgage for the sum of $2,-422.17 the court holds that that was a payment by the decedent to the Improvement Company in satisfaction of the mortgage; that the subrogation
 
 *103
 
 agreement was without consideration and is unenforceable.
 

 The judgment of the Court of Appeals and of the common pleas court to that extent is reversed.
 

 Judgment reversed.
 

 Marshall, C. J., Wanamaker, Jones, Matthias, Day and Allen, JJ., concur.