Zimmerman, J.
 

 Counsel for both parties are agreed that the important question in this case is: “Whose money was it that paid the notes of the Huntington National Bank?”
 

 Counsel for plaintiff in error maintain that it was the money of Stella M. Katz, received by her from the insurance policies of Leo Katz, in which she was named as beneficiary; while counsel for defendant in error contend that, by virtue of the assignments, the Huntington National Bank acquired the legal title to
 
 *535
 
 the insurance policies and to so much of the proceeds thereof as might be necessary to satisfy the promissory notes, obtaining in effect the same rights as though it had been named beneficiary in the policies.
 

 The principal obligation in this case was the amount owed the Huntington National Bank, as represented by the promissory notes executed by Leo Katz and Stella M. Katz. The assigned life insurance policies stood beside the main debt as an additional or cumulative means to insure its payment. According to the weight of authority, the assignment of a life insurance policy as
 
 collateral security
 
 does not divest the assignor of his general property in the policy, but creates only a lien in favor of the assignee to the extent of the debt owed. 37 Corpus Juris, 428, 436; 5 Corpus Juris, 956;
 
 Clark
 
 v.
 
 Equitable Life Assurance Society
 
 (C. C.), 133 F., 816;
 
 Mercer National Bank of Harrodsburg
 
 v.
 
 White’s Executor,
 
 236 Ky., 128, 32 S. W. (2d), 734;
 
 Coleman
 
 v.
 
 Anderson
 
 (Tex. Civ. App.), 82 S. W., 1057;
 
 Barbin, Gdn.,
 
 v.
 
 Moore, Admr.,
 
 85 N. H., 362, 159 A., 409, 83 A. L. R., 62. See, also, 49 Corpus Juris, 922, and 21 Ruling Case Law, 649
 
 et seq.
 

 A majority of the cases hold that if a life insurance policy reserves to the insured the right to change the beneficiary, the beneficiary first designated does not take a vested interest, but has only an expectancy during the life of the insured, contingent upon being the beneficiary at the time of the insured’s death. 7 Cooley’s Briefs on Insurance (2 Ed.), 6406; 2 Couch, Cyclopedia of Insurance Law, 825; 14 Ruling Case Law, 1376; 37 Corpus Juris, 579. This is the rule adopted in Ohio.
 
 Oetting, Gdn.,
 
 v.
 
 Sparks,
 
 109 Ohio St., 94, 143 N. E., 184.
 

 “If, however, no change is made during the life of the insured, the interest of the beneficiary designated becomes vested on insured’s death. ” 7 Cooley’s Briefs on Insurance (2 Ed.), 6409.
 

 Applying the above principles of law to the case
 
 *536
 
 before us, we find Leo Katz with a general property-right in the policies of insurance, subject to the lien of the Huntington National Bank therein, created through the assignments executed by himself and his wife. We find Mrs. Katz as the only person ever designated as beneficiary in such policies. We further find Mrs. Katz having a vested right in the policies as beneficiary upon the death of her husband, charged with the lien of the bank. The situation thus presented comes within the purview of
 
 Farracy
 
 v.
 
 Perry
 
 (Tex. Civ. App.), 12 S. W. (2d), 651, the first three paragraphs of the syllabus in which case read as follows:
 

 “1. Insured’s wife, the beneficiary, had no vested interest in life insurance policy during life of her husband.
 

 “2. Insured’s transferring life insurance policies to bank as collateral security was not equivalent to designation of another beneficiary, even though debt secured on settlement appeared to be more than proceeds of policies.
 

 “3. Where insured transferred life insurance policies, in which wife was designated as beneficiary, to bank as collateral security, on death of insured, wife had vested right to entire proceeds of policies subject to rights of bank, and bank had only lien on policies.”
 

 At page 654 of the opinion, the Texas court remarks: “While Mrs. Perry had no vested right in said policies during the life of her husband, but had only an expectancy, on his death, however, her expectancy became a vested right to the entire proceeds of said policies, subject only to the rights of the bank. The bank had only a lien on said policies regardless of the form of the assignment.”
 

 In the present case, the conduct of the parties interested in the assigned insurance policies shows an intent and purpose on their part to treat the proceeds thereof as belonging to Mrs. Katz. The insurance company issued its voucher to her for the full amount
 
 *537
 
 due, and the Hunting-ton National Bank accepted payment from her without objection, and discharged the assignments, thus waiving the rights- it could have asserted by virtue of its lien.
 

 As a further indication that it elected to recognize payment as coming- from Mrs. Katz, the bank indorsed to her the promissory notes paid, and assigned to her its mortgage on the leasehold estate.
 

 Of course, payment operates to extinguish a lien. Under the circumstances stated, we can see no difference in principle between Mrs. Katz paying the bank out of the proceeds of the policies and paying the amount owed out of funds independently obtained. If she had made payment to the bank with funds secured elsewhere, she would have been entitled to a discharge of the assignments and to receive the full proceeds of the insurance policies as beneficiary.
 

 Of the cases cited by counsel for defendant in error in support of their claims, some are clearly distinguishable from the instant case, others involve absolute assignments, and still others adopt the view that an assignment is tantamount to a change in beneficiary.
 

 For example,
 
 Andrew, Recr.,
 
 v.
 
 Bankers Life Co.,
 
 214 Iowa, 573, 240 N. W., 215, has to do with a contest between the receiver of a bank, to which bank a life insurance policy, with power reserved to change the beneficiary, had been assigned by the assured as collateral security for a debt in excess of -the amount of the policy, and the beneficiary, who had voluntarily joined in the assignment. The insurance company paid the proceeds of the policy into court, and it was properly held, under the issues presented, that the assignee was entitled to the money. It will be observed that in that case the suit was between the bank, to which the policies had been assigned, and the beneficiary, while in the case before us the suit is between the beneficiary and the executor of the insured’s estate, under facts creating an entirely different situation.
 

 
 *538
 
 The case of
 
 Potter
 
 v.
 
 Northwestern Mutual Life Ins. Co.,
 
 216 Iowa, —, 247 N. W., 669, was on its facts almost identical with the last cited case, and the holding was the same.
 

 In the case of
 
 Walker
 
 v.
 
 Penick’s Exr.,
 
 122 Va., 664, 95 S. E., 428, the insurance policy gave the insured the arbitrary right to change his beneficiary at will, lie borrowed money from the insurance company on the policy to pay some of the premiums, giving his note therefor, and the court correctly found that upon the death of the insured the beneficiary was not entitled to more than the net amount of the policy after the deduction of the indebtedness, and could not successfully maintain an action against the estate of the insured for the amount of the note given for the premiums. Here was but an expectant beneficiary, whose rights did not vest until the death of the insured, and there was no foundation upon which to build a claim of the kind asserted.
 

 While there is considerable authority for the proposition that the assignment of a policy of insurance invests the assignee with the legal title thereto, which amounts to a change of beneficiary, authority to the contrary is abundant, and we prefer to align ourselves with this latter view. The cases comprising the first class mentioned fail to distinguish between “assignment,” which depends wholly upon contract, and “change of beneficiary,” which is the exercise of the power to appoint. 7 Cooley’s Briefs on Insurance, 6443; 22 Ohio Jurisprudence, 395.
 

 Under the principles of law adopted and applied to •the case at hand, we hold that it was the money of Stella M. Katz which paid the promissory notes held by the Huntington National Bank, and that this was so recognized and accepted by the conduct of the parties concerned.
 

 The only other important question is: “Was Mrs. Katz a principal or a surety on the notes signed by
 
 *539
 
 her husband and herself in favor of the Huntington National Bank?”
 

 In an attempt to establish that Mrs. Katz was a principal and not a surety, defendant in error introduced evidence tending to show.the existence of a partnership composed of Leo Katz, Stella M. Katz and Rosalind Katz Cohn, known as the Katz Finance Company, organized as a species of holding company for the stores operated by Leo Katz.
 

 It appears that this purported company never had a bank account, that Mrs. Katz and Rosalind Katz Cohn never actually received any profits therefrom, or paid any losses, and that the executor proceeded in the administration of the estate of Leo Katz without recognizing the existence of any such company. Mrs. Katz disclaimed knowledge of it and denied ever having signed any federal income tax returns in connection therewith.
 

 The only fair deduction which can be made from the evidence is that the Katz Finance Company was purely a fiction, existing only on paper, and was used by Leo Katz for the purpose of claiming additional credits and deductions on income tax returns to the federal government.
 

 From the evidence in this case our conclusion is that Mrs. Katz occupied the position of surety on the promissory notes in question, and that, having paid these notes, she was entitled to demand reimbursement from the estate of her husband, under the equitable doctrine of subrogation.
 

 We do not find our present holding in conflict with the decision in
 
 Oetiing, Gdn.,
 
 v.
 
 Sparks, supra.
 
 The facts in that case, somewhat simplified, are as follows: The insured had a life insurance policy which permitted change of beneficiary. She named Sparks, her uncle, as the original beneficiary. An agreement was later entered into whereby she designated an agent of the insurer as beneficiary to the extent of the sum
 
 *540
 
 which, she might owe on a certain mortgage indebtedness at the time of her death, and authorized him to credit the proceeds of the insurance policy on such indebtedness. It was stipulated as a part of the agreement that in' the event this was done, Sparks should be subrogated to the rights of the mortgagee in the mortgage security. The insured died unmarried, but survived by one minor child. The proceeds of the policy were credited on the mortgage, leaving a balance over of $77.83. Both the guardian of the child and Sparks contended that they were' entitled to the assignment and transfer of the mortgage and to the $77.83.
 

 It was held on the facts developed that there was no consideration to support the claim of Sparks to subrogation; that as a beneficiary with only an expectancy he had no vested rights in the policy and that when the insured designated another beneficiary, with power to dispose of the proceeds of the policy, as was done, Sparks was defeated except as to the balance of $77.83.
 

 We believe the distinction between the case being considered and
 
 Getting, Gdn.,
 
 v.
 
 Sparks,
 
 is apparent. In the instant case we have an assignment of policies as collateral security for a debt upon which the insured was the principal and the beneficiary a surety; which assignment invested the assignee with only a lien on such policies, not amounting to a change of beneficiary. We have the proceeds of the policies actually paid into the hands of the beneficiary, and disbursement made by her to the bank for the debt owed. The contractual relationship of principal and surety existing between the insured and the beneficiary supplies the consideration to support the right of subrogation to the surety.
 

 We are of the opinion, therefore, that Mrs. Katz has a valid and enforceable claim against the estate of her husband. The judgments of the Court of Appeals and
 
 *541
 
 the court of common pleas are reversed, and final judgment rendered for plaintiff in error.
 

 Judgments reversed.
 

 Weygandt, C. J., Allen, Stephenson, Jones and Bevis, JJ., concur.