99 N.E.2d 766 (1951)
155 Ohio St. 595
STONE
v.
STEPHENS et al.
No. 32434.
Supreme Court of Ohio.
June 20, 1951.
*768 Routzohn, Routzohn & Nevin, Dayton, for appellee.
Merritt E. Schlafman, Dayton, for appellant.
MATTHIAS, Judge.
The question of law presented in this case is whether an insured may lawfully change the beneficiary designated in his insurance policy by the execution of a last will and testament where not expressly or impliedly authorized to do so by the terms of the insurance contract.
Specifically, the question is whether the insured effectively designated a new and different beneficiary of his life insurance policies by the execution of a last will and testament wherein he directed that if he died unmarried all his property should go to Permelia Stephens, his grandmother.
The issues are presented upon the pleadings and the transcripts of docket entries of the Court of Common Pleas and the Court of Appeals. The record fails to disclose the terms of the life insurance policies alleged to have been altered by the insured's will. The petition of the plaintiff alleges that "in said contract or policy of insurance insured reserved the right to change the beneficiary." It is conceded by the parties that the insured had effected one change of the beneficiary in the policies as evidenced by an indorsement thereon whereby his wife, Jeannette Marie Garver, was name beneficiary. It is agreed also that after the date of that change no other effort was made to change the beneficiary except by the will in question.
Our question, therefore, is not whether the execution of the will in question constituted a substantial compliance with the provisions of the policies in regard to change of beneficiary as was presented in the cases of Arnold v. Newcomb, 104 Ohio St. 578, 136 N.E. 206, and Atkinson v. Metropolitan Life Ins. Co., 114 Ohio St. 109, 150 N.E. 748. Those cases involved no question of an attempted change of beneficiary by will, nor was any such situation considered or referred to in the opinion of either case.
The rights of a beneficiary to the proceeds of a life insurance policy upon the death of the insured has heretofore been considered by this court in the case of Katz v. Ohio National Bank, Ex'r, 127 Ohio St. 531, 191 N.E. 782, 783. In that case this court held in paragraph one of the syllabus:
"A life insurance policy, which reserves to the insured the privilege of changing the beneficiary therein, gives the named beneficiary only an expectancy during the *769 life of the insured, which does not become a vested right until the insured's death. (Oetting, Gdn. v. Sparks, 109 Ohio St. 94, 143 N.E. 184, second proposition of syllabus, approved and followed.)"
The following quotation, from the opinion of Judge Zimmerman, in support of the holding of the court in the above-quoted syllabus is pertinent:
"A majority of the cases hold that if a life insurance policy reserves to the insured the right to change the beneficiary, the beneficiary first designated does not take a vested interest, but has only an expectancy during the life of the insured, contingent upon being the beneficiary at the time of the insured's death. 7 Cooley's Briefs on Insurance (2d) 6406; 2 Couch, Cyclopedia of Insurance Law, 825; 14 Ruling Case Law, 1376; 37 Corpus Juris, 579. This is the rule adopted in Ohio. Oetting, Gdn. v. Sparks, 109 Ohio St. 94, 143 N.E. 184.
"`If, however, no change is made during the life of the insured, the interest of the beneficiary designated becomes vested on insured's death.' 7 Cooley's Briefs on Insurance (2d) 6409."
In accord with this well established rule, at the time of the death of the insured, his wife, Jeannette Marie Garver, became the possessor of a vested right to the proceeds of the policies. The will executed by the insured (the record not showing notice thereof to the companies) had no effect whatever until his death. From the conceded fact the insured had the right to change the beneficiary of his life insurance from time to time, it necessarily follows that this was a personal right to be exercised by him during his lifetime. A change of beneficiary during the lifetime of the insured cannot be made by will for the very simple reason that the will is without legal effect prior to the death of the testator.
The weight of authority in this country requires the insured, who wishes to exercise his contractual right to change beneficiaries of his life insurance policies to proceed substantially in accordance with the requirements of such policies. The cases in which a change of beneficiary by will has been considered are collected in 2 Appleman Insurance Law and Practice, 494, Section 1072, and 509, Section 1079. See, also, ibid., 505, Section 1078. There is sound reason both in law and in public policy for holding that a change of an insurance policy beneficiary by last will and testament of the insured is ineffective unless authorized by the terms of the policy. In most of the cases in which a change of such beneficiary by will has been permitted by the courts the change was either expressly or impliedly authorized by the terms of the insurance contract. In the instant case there is an absence of evidence that such change of beneficiary by a last will and testament was expressly or impliedly authorized by the policies.
In the case of Wannamaker v. Stroman, 167 S.C. 484, 166 S.E. 621, 623, the situation presented to that court was practically identical with the instant case. It was there held that an insured could not change beneficiaries in policies payable to his wife by making a will bequeathing the insurance to his daughters and a grandson. The following statement from the opinion of the court, following a review of the authorities, is pertinent for it discloses the reason why the weight of authority prohibits such unauthorized changes of beneficiaries in insurance policies:
"To hold that a change in beneficiary may be made by testamentary disposition alone would open up a serious question as to payment of life insurance policies. It is in the public interest that an insurance company may pay a loss to the beneficiary designated in the policy as promptly after the death of insured as may reasonably be done. If there is uncertainty as to the beneficiary upon the death of insured, in all cases where the right to change the beneficiary had been reserved there would always be a question as to whom the proceeds of the insurance should be paid. If paid to the beneficiary, a will might later be probated designating a different disposition of the fund, and it would be a risk that few companies would be willing to take, unless some specified time had elapsed after the death of insured, or that there had been some court adjudication as to whom the proceeds should be paid."
*770 See, also, Dogariu v. Dogariu, 306 Mich. 392, 11 N.W.2d 1.
It may also be observed that further delay in the payment of the proceeds of policies might be caused by a contest of such will or by a proceeding involving the construction of such will. The question of law involved herein is not affected by the interpleader of the insurers and their deposit of the disputed funds in court. There is substantial authority for the proposition that rights which become vested on the death of the insured and thus fixed by law can not thereafter be affected by such action of the insurer. 78 A.L.R. 981, and cases cited.
The judgment of the Court of Appeals is affirmed.
Judgment affirmed.
WEYGANDT, C. J., and MIDDLETON and HART, JJ., concur.
ZIMMERMAN, STEWART and TAFT, JJ., dissent.
ZIMMERMAN, Justice (dissenting).
By his last will and testament, dated July 18, 1944, Garver, the insured, expressed the plain intention and wish that if he died unmarried, which he did, his grandmother, Mrs. Frank Stephens, was to receive the proceeds of the insurance policies in issue. Under these policies the insured was accorded the right to change the beneficiary designated therein by following the course prescribed.
Undoubtedly, an insurer may insist that the mode for changing a beneficiary as contained in the policy be followed, but, by the weight of authority, such requirement being for the benefit and protection of the insurer may be waived by him. Consequently, in a court action between rival claimants to the proceeds of an insurance policy, as here, the insurer issuing the policy waives the policy provision respecting change of beneficiary when he interpleads, pays the proceeds of the policy into court and expresses his willingness to have such proceeds distributed to whomever of the contesting claimants the court may decide is justly entitled thereto. This is the Ohio rule as set forth in the case of Atkinson v. Metropolitan Life Ins. Co., 114 Ohio St. 109, 150 N.E. 748.
Under such circumstances, the insurer removes himself from consideration, and the rights of the respective claimants alone are before the court for determination.
Surely, in a contest between rival claimants, each asserting that he should have the proceeds of a policy of life insurance, the original beneficiary named in the policy may not successfully urge that he should prevail because the requirements of the policy relative to the consent of the insurer to a change of beneficiary have not been met. The insurer alone may take advantage of such failure and by interpleading and paying the proceeds of the policy into court, he relinquishes his right to do so.
It is undoubtedly true that where a life insurance policy by its terms gives the insured the privilege of changing the beneficiary or of assigning the policy, the beneficiary, so far as the insurance contract is concerned, has only an expectancy or contingent interest therein during the lifetime of the insured. Katz v. Ohio National Bank, Ex'r, 127 Ohio St. 531, 191 N.E. 782.
This court has not heretofore decided the precise question presented in this case, namely, whether the insured may by testamentary provision effect a change of an insurance policy beneficiary, where the power to make a change of such beneficiary is granted by the policy, without notice to or consent of the beneficiary named therein. The cases on the subject are in conflict, but it seems to the writer that the sounder and more appealing rule is found in the authorities which hold that the insured may change his beneficiary by a valid will. He is the one who has paid the premiums and kept the policy in force and his latest expressed wish as to who shall receive the benefits of the policy should be recognized and respected. By interpleading and paying the proceeds of the policy into court the insurer bows out of the picture.
In support of such position attention is directed to 1 Underhill's Law of Wills, page 71, where the following statement appears:
*771 "The cases which support the rule that the insured may dispose of the proceeds of a policy upon his life though the beneficiary is specifically mentioned in the policy, are based upon the theory that the latter, during the life of the insured, has no vested right which the law protects. The majority of cases sustain this view and hold that, in the absence of any special provision in the contract between the insured and the insurer, the name of the beneficiary may be changed by the former without the consent of the beneficiary and without notice to him. This would seem to be the correct view; for if the insured may, by ceasing to pay premiums, deprive the beneficiary of the proceeds of the policy altogether, why may he not do so as well while keeping the policy alive by bequeathing the proceeds to another? The interest of the beneficiary under the policy assimilates closely to the expectation of a legatee under a will. The legacy vests upon the death of the testator, but until that date it may always be revoked or adeemed."
Attention is further called to the case of Pedron v. Olds, 193 Ark. 1026, 105 S.W.2d 70, 72, in which it was held that in a controversy between the wife and daughter of an insured over the proceeds of insurance policies, wherein the wife is named as beneficiary but under which she has no vested interest, the insured's will, executed after he and his wife had separated, designating the daughter as beneficiary is effective and entitles her to the proceeds of the policies.
Near the close of the opinion in the Arkansas case, it is said:
"In the case before us, the beneficiary had no vested interest during the lifetime of the insured and neither did the legatee under the will. Both provisions became effective on his death. The provision in the will conflicted with the provision in the policy designating appellant as beneficiary, and, this being the insured's last expression on the subject, it ought to control."
Arrington v. Grand Lodge of Brotherhood of Railroad Trainmen, 5 Cir., 21 F. 2d 914, certiorari denied 276 U.S. 591, 48 S.Ct. 213, 72 L.Ed. 733; Phoenix Mut. Life Ins. Co. v. Cummings, D.C.Mo., 67 F.Supp. 159; Whitman v. Whitman, 225 Ala. 113, 142 So. 413; and Finnerty v. Cook, 118 Colo. 310, 195 P.2d 973.
Approaching the problem from a somewhat different standpoint, the will of the insured designating the one to receive the proceeds of his life insurance policy ought to be treated essentially as an expression of his intent on such subject, operative from the date of the execution of the will. It is certainly as forceful in conveying the wish of the insured as an improperly executed change of beneficiary on the policy which, was never forwarded to the insurer. See Arnold v. Newcomb, 104 Ohio St. 578, 136 N.E. 206.
The general policy of courts is to carry out the intent of a person in disposing of his property, whenever that is possible. Here, where the insurer, the only one who may insist upon compliance with the terms of the policy as to change of beneficiary, waives his right in that respect, no good reason remains as to why the intent of the insured should not be effectuated.
There need be no concern that the insurer may suffer. He can always protect himself by insisting upon compliance with the method prescribed in the policy for effecting a change of beneficiary, and if, upon surrender of the policy, he should pay the proceeds thereof to the beneficiary designated therein, it hardly seems reasonable to suppose that any court would require him to respond again under a testamentary provision of the insured.
Upon the basis of what has been said, the writer's view is that the judgment of the Court of Appeals should be reversed and that of the Court of Common Pleas affirmed.
STEWART, Justice (dissenting).
I dissent upon the authority and the reasoning of Arnold v. Newcomb, 104 Ohio St. 578, 136 N.E. 206, and Atkinson v. Metropolitan Life Ins. Co., 114 Ohio St. 109, 150 N.E. 748.
Where an insured under a life insurance policy has retained an unqualified and unrestricted right to change the beneficiary therein, such insured may exercise that right at any time during his lifetime, and *772 the consent of the insurer is not essential thereto.
The provisions in a policy of insurance as to the manner of making a change of beneficiary are for the benefit of the insurer and he may pay the amount of the policy to the beneficiary named therein after the death of the insured, and his liability thereunder ends. However, the insurer may waive the provisions in the policy as to changing the beneficiary and he does so by interpleading in an action between two parties, each claiming to be the beneficiary, and depositing the proceeds of the policy in court.
Although it is true that a will ordinarily speaks from the time of the death of the testator as to any bequests or legacies therein contained, a provision in a will changing the beneficiary in a life insurance policy is an expression of change that is made during the lifetime of the insured who made the will and assuredly is of much more convincing import as to the intention of the insured than any informal writings or expressions of desire would be.
TAFT, J., concurs in the foregoing dissenting opinion.