Matthias, J.
The question of law presented in this case is whether an insured may lawfully change the beneficiary designated in his insurance policy by the execution of a last will and testament where not ex *598 pressly or impliedly authorized to do so by the terms of the insurance contract.
Specifically, the question is whether the insured effectively designated a new and different beneficiary of his life insurance policies by the execution of a last will and testament wherein he directed that if he died unmarried all his property should go to Permelia Stephens, his grandmother.
The issues are presented upon the pleadings and the transcripts of docket entries of the Court of Common Pleas and the Court of Appeals. The record fails to disclose the terms of the life insurance policies alleged to have been altered by the insured’s will. The petition of the plaintiff alleges that “in said contract or policy of insurance insured reserved the right to change the beneficiary.” It is conceded by the parties that the insured had effected one change of the beneficiary in the policies as evidenced by an indorsement thereon whereby his wife, Jeannette Marie Carver, was named beneficiary. It is agreed also that after the date of that change no other effort was made to change the beneficiary except by the will in question.
Our question, therefore, is not whether the execution of the will in question constituted a substantial compliance with the provisions of the policies in regard to change of beneficiary as was presented in the cases of Arnold v. Newcomb, 104 Ohio St., 578, 136 N. E., 206, and Atkinson v. Metropolitan Life Ins. Co., 114 Ohio St., 109, 150 N. E., 748. Those cases involved no question of an attempted change of beneficiary by will, nor was any such situation considered or referred to in the opinion of either case.
The right of a beneficiary to the proceeds of a life insurance policy upon the death of the insured has heretofore been considered by this court in the case of Katz v. Ohio National Bank, Exr., 127 Ohio St., 531, 191 N. E., 782, In that case this court held in paragraph one of the syllabus:
*599 “A life insurance policy, which reserves to the insured the privilege of changing the beneficiary therein, gives the named beneficiary only an expectancy during the life of the insured, which does not become a vested right until the insured’s death. (Oetting, Gdn., v. Sparks, 109 Ohio St., 94, second proposition of syllabus, approved and followed.) ’’
The following quotation, from the opinion of Judge Zimmerman, in support of the holding of the court in the above-quoted syllabus is pertinent:
“A majority of the cases hold that if a life insurance policy reserves to the insured the right to change the beneficiary, the beneficiary first designated does not take a vested interest, but has only an expectancy during the life of the insured, contingent upon being the beneficiary at the time of the insured’s death. 7 Cooley’s Briefs on Insurance (2 Ed.), 6406; 2 Couch, Cyclopedia of Insurance Law, 825; 14 Ruling Case Law, 1376; 37 Corpus Juris, 579. This is the rule adopted in Ohio. Oetting, Gdn., v. Sparks, 109 Ohio St., 94, 143 N. E., 184.
“ ‘If, however, no change is made during the life of the insured, the interest of the beneficiary designated becomes vested on insured’s death.’ 7 Cooley’s Briefs on Insurance (2 Ed.), 6409.”
In accord with this well established rule, at the time of the death of the insured, his wife, Jeannette Marie Garver, became the possessor of a vested right to the proceeds of the policies. The will executed by the insured (the record not showing notice thereof to the companies) had no effect whatever until his death. Prom the conceded fact the insured had the right to change the beneficiary of his life insurance from time to time, it necessarily follows that this was a personal right to be exercised by him during his lifetime. A change of beneficiary during the lifetime of the insured cannot be made by will for the very simple rea *600 son that the will is without legal effect prior to the death of the testator.
The weight of authority in this country requires the insured, who wishes to exercise his contractual right to change beneficiaries of his life insurance policies, to proceed substantially .in accordance with the requirements of such policies. The cases in which a change of beneficiary by will has been considered are collected in 2 Appleman Insurance Law and Practice, 494, Section 1072, and 509, Section 1079. See, also, ibid., 505, Section 1078. There is sound reason both in law and in public policy for holding that a change of an insurance policy beneficiary by last will and testament of the insured is ineffective unless authorized by the terms of the policy. In most of the cases in which a change of such beneficiary by will has been permitted by the courts the change was either expressly or impliedly authorized by the terms of the insurance contract. In the instant case there is an absence of evidence that such change of beneficiary by a last will and testament was expressly or impliedly authorized by the policies.
In the case of Wannamaker v. Stroman, 167 S. C., 484, 166 S. E., 621, the situation presented to that court was practically identical with the instant caso. It was there held that an insured could not change beneficiaries in policies payable to his wife by making a will bequeathing the insurance to his daughters and a grandson. The following statement from the opinion of the court, following a review of the authorities, is pertinent for it discloses the reason why the weight of authority prohibits such unauthorized changes of beneficiaries in insurance policies:
“To hold that a change in beneficiary may be made by testamentary disposition alone would open up a serious question as to payment of life insurance policies. It is in the public interest that an insurance *601 company may pay a loss to the beneficiary designated in the policy as promptly after the death of insured as may reasonably be done. If there is uncertainty as to the beneficiary upon the death of insured, in all cases where the right to change the beneficiary had been reserved there would always be a question as to whom the proceeds of the insurance should be paid. If paid to the beneficiary, a will might later be probated designating a different disposition of the fund, and it would be a risk that few companies would be willing to take, unless some specified time had elapsed after the death of insured, or that there had been some court adjudication as to whom the proceeds should be paid.”
See, also, Dogariu v. Dogariu, 306 Mich., 392, 11 N. W. (2d), 1.
It may also be observed that further delay in the payment of the proceeds of policies might be caused by a contest of such will or by a proceeding involving the construction of such will. The question of law involved herein is not affected by the interpleader of the insurers and their deposit of the disputed funds in court. There is substantial authority for the proposition that rights which become vested on the death of the insured and thus fixed by law can not thereafter be affected by such action of the insurer. 78 A. L. R., 981, and cases cited.
The judgment of the Court of Appeals is affirmed.

Judgment affirmed.

Weygandt, C. J., Middleton and Hart, JJ., concur.
Zimmerman, Stewart and Taft, JJ., dissent.