Uibson, J.
The appellant’s claim to the proceeds of the two insurance policies is predicated upon the facts (1) that she was the named principal beneficiary on the date of insured’s death, *305 and (2) that there had been no change of beneficiary in conformity with the pertinent contractual provisions of the policies. Both policies contain identical provisions respecting change of beneficiary, which read as follows:
“Subject to the right of an assignee, if any, the Insured may at any time and from time to time during the continuance of this contract change the Beneficiary, to take effect only when such change shall have been approved in writing by the Company, whereupon all rights of the former Beneficiary shall cease. * * *” (Emphasis supplied.)
Without reviewing all the decisions of this court, or of other jurisdictions, which are summarized in extensio in 19 A. L. R. (2d), 5 et seq., it is sufficient to state that provisions of a policy of “old line” insurance regulating the mode and manner of effectuating a change of beneficiary are for the benefit of the insurer only. Atkinson v. Metropolitan Life Insurance Co. (1926), 114 Ohio St., 109. The purpose of a provision for the approval of a change of beneficiary, as is involved here, is strictly for the protection of the insurer. It is a means of establishing the fact that the insurer has received notice of the change of beneficiary. Under these policies the insurer has no interest as to whom the insured designates as beneficiary except to protect itself against duplicate liability.
Undoubtedly, in any litigation between the insurer and its insured or between the insurer and a single beneficiary, the “old line” insurance policy provisions relative to change of beneficiary may be determinative of their respective rights, but not so where the insurer “washes its hands” by interpleader in an action by one claiming to be a beneficiary, and another claiming to be a beneficiary is substituted as a party defendant, thereby presenting a controversy only between the two persons claiming to be beneficiaries of funds deposited with the court. In such case the relative rights of the litigants should depend upon the expressed intention of the insured. If he has clearly indicated to the insurer his intention to change beneficiaries, his intention must be given effect.
Appellant relies upon Stone v. Stephens (1951), 155 Ohio St., 595, for her position that the filing of an interpleader by the insurer could not affect the rights of the respective claim *306 ants to the proceeds of the policies since such rights were fixed by law at the time of the death of the insured. The cases are clearly distinguishable. In Stone, the question of law was whether a change of beneficiary could be effected by the last will and testament of the insured. There the intention of the testator to change the beneficiary was not communicated to the insurer prior to the death of the insured, as it was in the instant case. The insurer there knew nothing of the intention expressed by the insured in his will until after the insured had died.
In the instant case, the insured sent the insurer witnessed statements on July 2, 1946, clearly indicating his intention to cancel all previous designations of beneficiaries under the specified life insurance policy and named a new principal and renamed the contingent beneficiary thereof. Approximately five months later, the insured married the newly designated principal beneficiary, appellee herein, and they were married at the time of his death. There being no proof of record that the insured received the insurer’s letter of July 16, 1946, quoted above in the statement of facts, it is entirely reasonable to infer that he believed he had done all that was necessary to effectuate a change of beneficiary. The alleged failure of the insured to answer the letter of the insurer, in the absence of proof that such a letter was mailed to or received by the insured, is no basis for inferring that the insured abandoned his purpose, as is contended by the appellant, to change the beneficiary.
In our view, there is no need to consider possible issues of domicile or possible community property rights of appellant since there is no controversy at this time between the appellant and the insurance company. Appellant does not contend that she has any interest in the proceeds of the insurance policies under the community property laws of California, although she does argue that the possibility that she might have had an interest in the policies under such laws would justify the insurer in not promptly granting written approval of the insured’s change of beneficiary.

Judgment affirmed.

Taft, C. J., Zimmerman, Matthias, O’Neill, Griffith and Herbert, JJ., concur.