**UNITED BENEFIT LIFE INSURANCE COMPANY, Plaintiff,**

v.

**Mrs. Clyde McLemore CODY; and Jeannette Pearson McDuffie, Defendants.**

**Civ. A. No. 7057.**

United States District Court
W. D. Washington, N. D.
June 12, 1968.

Wayne A. Wyman, of Burkheimer, Cavender, Wyman & Curtis, Seattle, Wash., for defendant Mrs. Clyde Cody.

John W. Wold, Oak Harbor, Wash., for defendant Jeannette Pearson McDuffie.

## OPINION

HODGE, District Judge.

This action in the nature of interpleader [1] involves conflicting claims of the above named defendants, hereinafter referred to as Mrs. Cody and Mrs. McDuffie, to the proceeds of a life insurance policy issued by the plaintiff insurance company upon the life of one

---

1. (Pursuant to Secs. 1335, 1397 and 2361, Title 28, U.S.C.A.)

Raymond Randall McDuffie, deceased. The plaintiff insurer has paid the proceeds of the policy into the registry of the court and has been dismissed from the action.

There are no issues of fact to be determined. The stipulated facts as set forth in the pre-trial order and briefs are as follows:

Under date of February 1, 1963, plaintiff insurance company issued to Raymond Randall McDuffie a standard policy of life insurance in the face amount of $10,000.00. The policy was issued at Omaha, Nebraska which is the principal place of business of the insurer. McDuffie was at that time stationed in England as a member of the United States Air Force and listed Stockbridge, Georgia as his place of residence. Mrs. Cody was named as beneficiary in the policy. Later decedent married Mrs. McDuffie in England and notified the insurance company of the change of beneficiary to his wife, which was acknowledged by the insurance company by endorsement attached to the policy. Thereafter, decedent was transferred to a United States Air Force base at Minot, North Dakota, and divorced his wife, Jeannette, in North Dakota on March 14, 1966.

The policy contains this provision:

"The insured may change the beneficiary designation by written notice to the Company. Such change will become effective when acknowledged by the Company."

By will executed at Minot May 24, 1966, Raymond McDuffie stated, in part,

"I give, devise and bequeath absolutely and forever all my property, real, personal and mixed, and wherever situate to my mother, Mrs. Clyde Elizabeth Cody of Stockbridge, Henry County, Georgia. I have made other provisions through my Government Service Life Insurance for the other members of my family and I want my mother to have all property in my estate in fee simple absolute. It is my express directive that my former wife

take no part of my estate nor any part of any other insurance that I may own, or to which I may be entitled."

Raymond McDuffie died at an Air Force hospital in North Dakota five days thereafter, that is, on May 29, 1966, without changing the beneficiary by notice to the Company. The defendant Cody is the mother of the deceased and is the Executrix and sole beneficiary under said will which has been admitted to probate in Henry County, State of Georgia. The defendant Mrs. McDuffie is the last named beneficiary of the insurance policy and has since moved to the State of Washington.

Jurisdiction of this court in this case is based upon diversity of citizenship and hence the law of the State of Washington with respect to interpretation of contracts must govern, under the rule of Erie Railroad Company v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188. The Supreme Court of the State of Washington in a recent case, Baffin Land Corporation v. Monticello Motor Inn, Inc., decided March 24, 1967, 70 Wash.2d 865, 425 P.2d 623, stated:

"We therefore adopt what we consider to be the better rule, viz., that the law of the state with which the contract has the most significant relationship, except perhaps in the unusual case of usury, will govern the validity and effect of a contract."

The court then lays down the following factors in determining the state with which the contract has the most significant relationship:

"(a) the place of contracting,

(b) the place of negotiation of the contract,

(c) the place of performance,

(d) the situs of the subject matter of the contract,

(e) the domicile, residence, nationality, place of incorporation and place of business of the parties,

(f) the place under whose local law the contract will be most effective.

(2) If the place of contracting, the place of negotiating the contract and the place of performance are in the same state, the local law of this state ordinarily determines the validity of the contract, except in the case of usury."

By these tests the facts indicate Nebraska, being the home state of the insurer, the place where proof of death was to be made and the place where the policy was payable, as the state having probably the most significant relationship to the insurance contract. However, since the insured's home address, as indicated by his application, is Georgia and the place of probate of the will and domicile of Mrs. Cody is Georgia, such state probably also has a significant relationship to the interpretation of the contract; the only other states which could possibly have a significant interest would be North Dakota, where the will was executed, the insured resided at the time of his divorce and at the time of his death; and Washington, the domicile of Mrs. McDuffie. In none of these states is there found any decision directly deciding the issue here in question. We must, therefore, look to the law as determined by the other courts throughout the nation.

■ The principal issue of law to be determined by the court as stated in the pre-trial order is this: Can the terms of a policy of life insurance issued by a commercial company with the right reserved to change the beneficiary in the manner designated by the policy be changed by a will? By the greater weight of authority it can not. The rule adopted by a great majority of the courts in this instance may be stated as follows:

"Where life insurance policies reserve the right in the insured to change the beneficiary, it has been generally held or stated that the change of beneficiary must be made in the manner and mode prescribed by the policy, and

that any attempt to make such change by will for which no provision is made in the policy is ineffectual."

This subject, together with the right of the insured to change the beneficiary generally, has been the subject of a number of well edited Annotations in the American Law Reports from 1927 to 1962.[2] See also, to the same effect, 29A Am.Jur., Insurance, Sec. 1684, p. 763, and Couch on Insurance 2nd, Vol. 5, Sec. 28:61.

Cases cited in support of this rule are too numerous to list here. Only three exceptions covering this precise question are found in the decisions cited by the parties, namely, Arkansas, Arizona and Puerto Rico. In the Arkansas case, Pedron v. Olds (1937) 193 Ark. 1026, 105 S.W.2d 70, the court held that it felt that the "better rule is with the cases that hold that the insured may change his beneficiary by valid will", this being the last expression of the insured on the subject, which ought to control. This opinion relies principally on the proposition that the beneficiary has no vested interest in the policy prior to the death of the insured. The opinion states, however, that cases from other jurisdictions "are in hopeless conflict."

Clements v. Neblett (1963) 237 Ark. 340, 372 S.W.2d 816, follows the rule of Pedron v. Olds.

The case of Doss v. Kalas (1963) 94 Ariz. 247, 383 P.2d 169, holds that the provision of an insurance contract relating to methods of change of beneficiary is for the benefit of the insurer and hence where the insurer paid the proceeds of a life insurance policy to a person named in the will of the insured, the company acquiesced in the change which was properly effected by will.

The case of Pan American Life Insurance Company v. De Cobian Alvarez (D.C.Puerto Rico 1958) 160 F.Supp. 292, also proceeds upon the theory that the right to change the beneficiary is "for the sole and exclusive benefit of the in-

2. 62 A.L.R. 940;
   19 A.L.R.2nd 10 (extensive)

25 A.L.R.2nd 1000
2 A.L.R.3rd 1141

surer" and is waived by the insurance company bringing a suit in interpleader. There appears also to be a gross conflict of decisions on this question, but the majority rule, as appears from the annotations above, appears to be that the beneficiary has a vested interest in the proceeds of the insurance upon the death of the insured, and that the suit in interpleader constitutes no such waiver.

There are exceptions to the rule above in cases involving war risk insurance under the provisions of the Federal Employees Group Life Insurance Act. Sears v. Austin (C.A.9, 1961), 292 F.2d 690; Phoenix Mutual Life Insurance Co. v. Cummings (D.C.Mo.1946) 67 F.Supp. 159. Sears v. Austin holds that in an action to recover the proceeds of a Federal Employees Group Life Insurance policy, which is by statute governed by federal law, a holographic will was effective to designate a person named therein as beneficiary where the insured had not previously designated a beneficiary, as against the claims of the next of kin, being children of the decedent. The rationale of this case is that the clear intent of the insured should be given effect and that in the field of national life insurance the courts brush aside all legal technicalities to effectuate the manifest intent of the insured, refusing to follow the California case of Cook v. Cook, 17 Cal.2d 639, 111 P.2d 322, which involved a private contract of insurance. Phoenix Mutual Life Insurance Company v. Cummings is an action in interpleader where the proceeds of a war risk insurance policy were deposited, as here, in the registry of the court to determine adverse claims of an ex-wife (divorced) named beneficiary and the mother and father of the decedent, based upon a "soldier's will" consisting of a letter written by the decedent to his parents while on military duty overseas. It appears from this opinion that the ex-wife retained possession of the insurance policy at all times and refused to deliver it to the parents after the death of the insured from wounds received in battle. It is held that although the policy reserved the right to change the beneficiary, the decedent was prevented from doing so by the action of the former wife, that he did all he reasonably could do to have the parents designated as beneficiaries and that equity should control and the proceeds be awarded to the parents in accordance with the decedent's last expression of intention, citing Pedron v. Olds.

Another exception appears in cases involving group indemnity insurance in which the right to change the beneficiary in accordance with the bylaws of the company was upheld. See Annotations, A.L.R. above. These cases are not applicable here.

The case of Stone v. Stephens (1951) 155 Ohio St. 595, 99 N.E.2d 766, 25 A.L.R.2d 992 (preceding the Annotation at p. 1000), appears to be closely in point. This case was an action for a declaratory judgment by rival claimants to the proceeds of a life insurance policy in which it appears that the insured, after a divorce from his wife, executed a will bequeathing the policy to another. It is held that in the absence of a policy provision expressly or impliedly authorizing the change of beneficiary by will, the will was ineffective to change the beneficiary, as the insured may not exercise by will his right to do so. It is interesting to note that this case holds that the act of the insurer in interpleading rival claimants to the proceeds of the policy does not constitute a consent to the attempted change by will and that upon the death of the insured the beneficiary has a vested right in the proceeds of the insurance.

Mrs. Cody argues that under the rule of conflict of law the court of the forum may apply the policy of the jurisdiction most intimately concerned with the outcome of the litigation and enable the court to reflect the relative interests of the several jurisdictions involved and to give effect to the probable intention of the parties and the best practical result, citing Am.Jur.2nd, Conflict of Law, Sec. 42. However, there appears no actual conflict of law between the laws of the states having a significant relationship

to the contract here involved, for the simple reason that we find no law on this subject.

 Although some equities may be in favor of the mother, this court feels bound to apply the well established general rule. Therefore, I must hold that Mrs. McDuffie is entitled to the proceeds of the insurance policy in the registry of this court. Judgment may be presented accordingly.

Mrs. McDuffie may be allowed her costs, if any, but no attorney's fees may be allowed.

No further findings of fact or conclusions of law will be necessary.