**PIERCE, Admrx, etc v METROPOLITAN LIFE INSURANCE CO et**

Ohio Appeals, 1st Dist, Hamilton Co

No 4289. Decided March 27, 1933

Sol Goodman, for plaintiff in error.

Mallon, Vordenberg & Marble, Cincinnati, for The Metropolitan Insurance Company.

Otto R. Alexander and P. L. Lynch, for Catherine C. Pierce.

HAMILTON, PJ.

The petition is based on the fact that the beneficiary named in the policy was living with the insured, decedent in a state of adultery and was not the lawful wife of the insured, and she therefore had no insurable interest in the insured and asked that the proceeds of the policy be paid to the plaintiff, either as wife or as Administratrix of the decedent.

The question of law is:—Can the plaintiff raise the question of an insurable interest on the part of the beneficiary; and, second: Can an insured insure his own life for the benefit of anyone he may choose, although not related by blood or marriage?

As to the right of the plaintiff to raise the question of an insurable interest, we cite the case of **Keckley et, Executors v The Cochocton Glass Co., 86 Oh St, 213,** where the court states:

"Where a life insurance company makes no defense and pays the amount of its policy into court to abide the judgment of the court as between conflicting claimants, parties claiming an interest in the fund will not be allowed to object that the beneficiary named in the policy had no insurable interest."

The court states in the opinion: "for it has been held that the want of insurable interest is available only to the insurer," citing cases.

The force of the opinion in the Keckley v Glass Company case is that the only person entitled to object on the ground that the beneficiary has no insurable interest is the Insurance Company issuing the policy and not the parties claiming an interest in the fund.

In this case by the demurrer the Insurance Company resists any objection to the validity of the policy by reason of the beneficiary not having an insurable interest.

On authority of Keckley, Executors v Coshocton Glass Company, supra, we hold that the plaintiff had no right of action against the Insurance Company based on the question of insurable interest. Furthermore, in the case of **Schmidt, Admrx. v Prudential Insurance Company, 6 Abs, page 197,** a decision by the Court of Appeals of the 9th District, decided February 23, 1928, that court held:

"Under Ohio law a person may, in good faith, insure his own life for benefit of anyone whom he may choose, though not related to him by blood or marriage, and such insurance is not invalid as being against public policy."

The facts in the Schmidt case are very similar to the facts in the case under consideration. The policy of insurance was issued on the life of Joseph Schmidt in

which he designated Anna Schmidt, his wife, as beneficiary. He died shortly thereafter, and it developed that Anna Schmidt was not his lawful wife. He had a lawful wife living by the name of Mary Schmidt, and she was appointed administratrix of his estate and claimed the insurance. Under these facts the court held as above stated, and we are in accord with the rule of law as pronounced in the Schmidt case. We, therefore, hold that under the Ohio law a person may, in good faith, insure his own life for the benefit of anyone whom he may choose to designate, although not related to him by blood or marriage. We do not find the statute to which our attention has been called, to-wit: §9393, GC, limits this right.

The demurrers were properly sustained and the judgment is affirmed.

CUSHING and ROSS, JJ, concur.