**SEPTER v SEPTER et**

Ohio Probate Court, Franklin Co

No 73422. Decided July 12, 1935

David E. Evans, Columbus, for administratrix.

Sandles, Ulrey & Wildermuth, Columbus, for Marguerite Schneider.

## OPINION

By McCLELLAND, J.

It is the opinion of the court that the two documents above referred to constitute a valid and legal change of beneficial interest under the terms of said policy.

Inasmuch as the four policies above named have been subject to a change of the beneficial interest by separate written instruments, we will consider them as one group before discussing the matters pertaining to the last three named.

In order that we may properly construe said policies the court deems it advisable to state some fundamental principles of law governing the construction of same.

**400**

"Syllabus 1. Insured's widow could not raise question of beneficiary's insurable interest in insured's life.

Syllabus 2. One may in good faith insure his life for benefit of any one he may choose, though beneficiary is unrelated by blood or marriage, notwithstanding statute specifying who may be beneficiaries."

**Pierce, Admrx. v Metropolitan Life Ins. Co. et, 46 Oh Ap 36 (14 Abs 700).**

See **Keckley et, Executors v Coshocton Glass Co., 86 Oh St, page 213.**

"With respect to life insurance, although the contract is not one of indemnity, if there is a lack of an insurable interest in the person procuring the insurance, it is regarded as speculative or wagering, and, consequently, void as against public policy. Thus, a policy taken out by a man for his own benefit, on the life of a stranger, is void for want of insurable interest. But a man may insure his own life for the benefit of a stranger, and the want of an insurable interest in the stranger will not invalidate the policy, provided the parties have acted in good faith."

**22 Ohio Jurisprudence, page 406, §264.**

"In the case of ordinary life insurance, the rights of the beneficiary attach immediately and become vested when the policy in which he is named as such is issued and the contract completed, unless the right is expressly given or reserved subsequently to designate a new beneficiary or avoid his rights."

**22 Ohio Jurisprudence, page 409, §268.**

It therefore becomes very apparent that William Septer when he caused these four policies to be issued made himself the beneficiary of same and later changed that beneficial interest to his daughter, Marguerite Schneider and the change was made under and by virtue of the terms of the policy. Marguerite Schneider was a daughter and therefore had an insurable interest in the life of her father, but even though she may not have had an insurable interest he could have designated her as the beneficiary and the Company would have had the right and probably the obligation to pay the insurance to Marguerite Schneider upon the death of the insured.

The administratrix in this case takes the position that the administratrix is the only one who has the right to collect the insurance. Inasmuch as it was not paid under the facility of payment clause contained in the policy, we can see no validity for that

contention. An insurance policy is a contract between the insured and the insurer. By the contract and the supplemental change of beneficial interest, which is a part of the contract, he contracted with the Insurance Company that the proceeds of the policies upon his death should be paid to Marguerite Schneider unless the Company should have paid it to some other person designated in the facility of payment clause of the contract. The Insurance Company apparently did not see fit to pay the policy to any person under the facility of payment clause, or it may be that no one meeting the requirements of that clause had demanded payment from the Company. The fact is that the Company paid Marguerite Schneider as a beneficiary. Should the administratrix of this estate be entitled to the payment of the proceeds of said policies, it would be necessary for her to prove some beneficial interest under and by virtue of the insurance contract. This she has utterly failed to do, and it is our opinion that she has no right whatsoever to the proceeds of said policies and that Marguerite Schneider is the legal owner and holder of the proceeds thereof.

We now come to the consideration of the last three policies issued. We find that the policy issued on October 3, 1927, being No. 7198620, and that issued on October 3rd, 1927, No. 7198613, are exactly the same in form and language except as to the number and the amount. Both policies contain the following provisions:

"The Western and Southern Life Insurance Company * * * will pay the Amount of Insurance stipulated below * * *

The Company may make any payment or grant any non-forfeiture provision provided for in this policy to any relative by blood or connection by marriage of the Insured, or to any person appearing to the Company to be equitably entitled thereto by reason of having incurred expense or obligation on behalf of the Insured or for the Insured's burial; and the production by the Company of a receipt signed by any or either of said persons or other proof of such payment or grant of such provision to any or either of them shall be conclusive evidence that such payment or provision has been made or granted to the person or persons entitled thereto, and all claims under this Policy have been fully satisfied."

The last named policy, issued on October 5, 1931, being No. 9322576, contains substantially the same wording as the last two above named. We also find that the bene-

ficial interest under this policy has not been changed by any written instrument executed on the part of the insured.

There was some dispute as to the person who caused the said policies to be executed and as to the person who paid the premiums thereon. Marguerite Schneider testified that she caused the last three policies to be issued on the life of her father and that she paid all the premiums thereon up and until the time of his death. She also testified that after the death of her mother her father refused to pay the premiums on any of the policies hereinbefore named and that she continued to pay the premiums from that time on up until the time of his death. Mrs. Septer, the widow, who had been his wife only eighty-three (83) days, testified that Mr. Septer had told her that he had paid the premiums or had given the money to his daughter for the purpose of paying said premiums. This testimony, of course was not competent testimony. But even though we should consider same the court finds as a matter of fact that the last three policies were taken out on the life of William Septer at the instance of his daughter, Marguerite Schneider, and that she paid the premiums on said policies up until the time of his death. She was not named the beneficiary in either of those three policies, but the Company paid the same to her as one of the persons named in the facility of payment clause contained therein. She now claims that she is entitled to the proceeds of those three policies. The administratrix claims that she is the owner and appointee of the insured and holds the proceeds of those policies for the benefit of all of those names who may qualify under the facility of payment clause.

It is quite apparent that no person who could qualify under the facility of payment clause could maintain an action against the Insurance Company to compel payment to him. This clause simply gives the insurer the option of paying the insurance to any one having the qualifications named therein. And generally speaking it is our opinion that the administratrix is the only person who could maintain such an action against the Insurance Company. These statements are made upon the authority of the citations given in 22 **Ohio Jurisprudence, at pages 410 and 411, §269.**

Counsel for the administratrix has cited and relies upon the case of **In Re: Estate of Josephine Ammerman, deceased, reported in 32 Nisi Prius, New Series, at page 457,** the syllabi of which we quote as follows:

"A facility of payment clause in an industrial insurance policy, appointing for the convenience of the insurer a class of persons to any of whom the proceeds of the policy may be paid, neither grants not takes away a cause of action, and the person beneficially entitled to the proceeds of the policy may recover the same from the person to whom paid."

"2. One who pays the premiums during the life of an insurance policy secures thereby no additional right to the proceeds."

The above cited opinion is one written in a very scholarly manner by Judge Wiseman of the Probate Court of Montgomery County, Ohio. We agree with Judge Wiseman in the general principles there laid down, but we do believe that it is subject to certain exceptions in certain cases. In the case above cited we find that the Insuring Company issued an industrial policy on the life of Josephine Ammerman, who at that time was eighteen years of age. The policy was kept in force until her death, which occurred on November 3, 1933. It contained a provision under which the Company agreed to pay the insurance to the executors or administrators of the insured unless the proceeds should be paid under the facility of payment clause. The premiums on this policy were paid by the father, C. D. Shank, and the proceeds of the policy, amounting to $510.20 were paid to the said Shank. The Administrator in this case was the funeral director. The record in this case is entirely silent as to who caused the insurance policy to be issued on the life of Mrs. Ammerman.

In the case now before this court we have found that the daughter caused the policies to be issued on the life of her father, that she paid the premiums on them until the time of his death and was the only one apparently who knew anything about the policies and who had the policies and other documents pertaining thereto at the time of the insured's death.

We agree with Judge Wiseman and also the other learned judges whose decisions he has cited, that the provisions of the facility of payment clause only constitute an appointment, generally, speaking, for the purpose and convenience of the Insurance Company and by compliance with which the Insurance Company is relieved of any further responsibility. Upon a thorough examination of all of these facility of payment provisions we find that they do not include any person who has paid the premiums on the policy. It only includes those persons who have incurred expense or obligation on behalf

of the insured, or for the insured's burial, and who by virtue thereof appear to the Company to be equitably entitled thereto. It is our opinion that the insurer purposely excluded from the provisions of such a clause those persons who had paid insurance premiums and who caused the policy to be issued and brought into existence, and who by their payments created the fund or proceeds of the policy. It is our opinion that when a person having an insurable interest in the life of another causes an insurance policy to be issued upon that person and does not make himself the beneficiary but who pays the premiums thereon, has an equitable lien upon the proceeds of that policy to the amount of money which he has invested with interest thereon. This court is unable to see any justice or equity in permitting a funeral director, a nurse, a doctor, or any other person who may seem equitably entitled to the proceeds of an insurance policy to come into court and take from the person who has had the foresight to cause a policy to be issued with no specific beneficiary named therein, who had paid all the premiums thereon and who solely is responsible for bringing that fund into existence. To sustain such a position in the opinion of this court would amount to throwing his sense of equity to the winds.

We therefore conclude that Marguerite Schneider has an equitable lien upon the proceeds of the last three policies in the amount of the premiums which she has expended therein, with interest thereon from the date of expenditure, and any surplus over and above that amount of money properly belongs to the administratrix of the decedent's estate and is to be distributed under the order of the court.

An order may be drawn accordingly.

**RICH, In Re**

Ohio Probate Court, Franklin Co

No 45883. Decided May 31, 1935

Ernest A. Grabiel, Columbus, for Thelma Rich Rogers.

John Nau, Columbus, and V. O. Robertson, Columbus, for trustee.