**DUEZ, ESTATE OF, IN RE**

Ohio Probate Court, Lucas Co

Decided Nov 18, 1935

Harold T. Hanley, Toledo, for Jules Duez.
Farber & Cochran, Toledo, for Herbert Duez

## OPINION

By CHITTENDEN, J.

Exceptions are filed to the inventory in the above entitled matter. The ground of the exceptions is that certain shares of stock and the proceeds of an insurance policy on the life of Lucy Duez have been omitted from the inventory. Upon the hearing the exceptions as to the shares of stock are withdrawn.

The policy of insurance, commonly known as "industrial insurance policy" was issued by The Prudential Insurance Company upon the life of Lucy Duez. Upon her death there was due from the insurance company upon such policy the sum of Two Hundred Ninety Six ($296) Dollars. The insurance company took advantage of the facility of payment clause in the policy and paid the amount of the insurance to Herbert Duez, who is a grandson of the decedent through adoption.

It appears that the insurance company paid the money to Herbert Duez for the reason that he had been paying the premiums upon the policy. It has been held that the facility of payment clause gives insurer the option of paying insurance to any one having qualifications named in the clause. **Burns v The Western & Southern Life Insurance Company, 35 Oh Ap 261, (8 Abs 180.)**

A copy of the policy containing the clause has not been submitted to the court. I assume, however, that the clause is not unlike such clauses as appear in industrial policies issued by other companies. It is usually provided in such policies that the company make payment to any relative by blood, or connection by marriage of the insured, or to any person appearing to the company to be equitably entitled thereto by reason of having incurred expense or obligation on behalf of the insured or for the insured's burial.

In a well considered case by Judge Wiseman of the Probate Court of Montgomery county, it was held that the facility of payment clause in an industrial insurance policy for the convenience of the insurer, appoints a class of persons to whom the proceeds of the policy may be paid, but which neither grants nor takes away the cause of action, and the person beneficially entitled to the proceeds of the policy may recover the same from the person to whom paid.

It was held that one who pays the premiums during the life of an insurance policy secures thereby no additional rights to the proceeds. **Septer v Septer, 3 O.O. 359; In re Estate of Ammerman, 32 N.P. (N.S.) 457.**

In that case the court held that the fact that the father paid the premiums during the life of the policy did not give him any additional right to the insurance.

There may be some question in the case at bar whether Herbert Duez comes within that classification of a relative by blood, which would entitle the insurance company to pay the proceeds of the policy to him.

The purpose of industrial policies was originally, and to a great extent now is, to furnish a fund for the payment of the last sickness and burial of the insured.

It is the opinion of this court that the proceeds of this policy is a part of the assets of the estate of Lucy Duez and should be turned over to the executor of her will.

This view is in harmony with the proposition that only the personal representative can enforce the payment by suit. **Rogers v The Metropolitan Life Insurance Co 16 Oh Ap 283.**

It is presumed that the payment of premiums by Herbert Duez was for the benefit of the insured and he may present his claim for the amount of such premiums as a claim against the estate.