Francis H. W. DUCROS and Phyllis A.
Ducros, Petitioners,

v.

COMMISSIONER OF INTERNAL REV-
ENUE, Respondent.

No. 13793.

United States Court of Appeals
Sixth Circuit.

Nov. 25, 1959.

Robert D. Wallick, Washington, D. C.,
Earle W. Wallick of Steptoe & Johnson,
Washington, D. C., on the brief, for peti-
tioners.

Helen A. Buckley, Washington, D. C.,
Charles K. Rice, Lee A. Jackson and I.
Henry Kutz, Attys., Dept. of Justice,
Washington, D. C., on the brief, for re-
spondent.

Before McALLISTER, Chief Judge,
SIMONS, Senior Circuit Judge, and
WEICK, Circuit Judge.

WEICK, Circuit Judge.

This is an appeal from a decision of
the Tax Court sustaining a deficiency in

income tax and an addition thereto for the year 1951.

The sole issue is whether the proceeds of a life insurance policy paid to Mrs. Phyllis A. Ducros, upon the death of Carlton L. Small, are taxable to her as income. Section 22(b)(1)(A) of the Internal Revenue Code of 1939, 26 U.S.C.A. § 22(b)(1)(A) exempts from taxation amounts received under a life insurance contract, paid by reason of the death of the insured.

Carlton L. Small was the President of Smead & Small, Inc., at the time of his death on or about July 31, 1951. At that date Francis H. W. Ducros was the Treasurer of the corporation, and his wife Phyllis owned ten shares of its stock.

On or about May 17, 1938, insurance was taken out on the life of Carlton L. Small with the New England Mutual Life Insurance Company in the amount of $15,000. It is stated in the opinion of the Tax Court that "the policy was taken out by the corporation on the life of its president, Carlton Small." This conclusion was apparently founded on Stipulation of Fact No. 3 which recites, "on or about May 17, 1938, Smead & Small, Inc. * * * insured the life of Carlton L. Small * * *"

Irrespective of the conclusion, it is clear, from the documentary evidence submitted with the Stipulation of Facts, that the written application for the policy of insurance was signed on May 17, 1938, by the insured, Carlton L. Small alone. He named Smead & Small, Inc., as beneficiary and reserved to it the right to change the beneficiary. One month later the corporation became vested with all the incidents of ownership of said policy, by virtue of an endorsement thereon, and changed the beneficiaries to Marie O. Smead, Constance S. Small and Francis H. W. Ducros. Several changes in beneficiaries were made thereafter. As of February 1950, and continuing until the death of Carlton L. Small, the beneficiaries were Phyllis A. Ducros as to 40% and Constance S. Small as to 60% of the proceeds. It was admitted that the insurance was procured, and all premium payments made by the corporation, pursuant to a predetermined plan. Only the proceeds payable to Phyllis A. Ducros are in issue here.

The Government's principal theory in the Tax Court was that the proceeds were a taxable dividend flowing from the corporation to the beneficiaries. The judge requested that counsel consider the question whether the contract with the New England Mutual Life Insurance Company was a "life insurance contract" within the meaning of Section 22(b)(1)(A) or whether it was a wagering contract.

In his opinion, the judge stated, "The only question in this case is whether the contract under which the payment was made to Phyllis was a 'life insurance contract' within the meaning of the statute." He held that it was not; that the contract was strictly a wagering contract; that the proceeds were therefore subject to taxation.

■ The question of whether this contract of insurance was a valid one is to be determined by the law of the place where the contract was made, which was Ohio. Commissioner v. Hyde, 2 Cir., 1936, 82 F.2d 174, Cf. United States v. Bess, 1957, 357 U.S. 51, 55, 78 S.Ct. 1054, 2 L.Ed.2d 1135.

■ Under the law of Ohio, an individual taking out insurance on his own life has a right to designate anyone he chooses as his beneficiary, irrespective of whether such beneficiary has an insurable interest in his life. Shepard v. Espy, Ohio App.1955, 142 N.E.2d 238; Pierce v. Metropolitan Life Insurance Co., 1933, 46 Ohio App. 36, 187 N.E. 77; 30 O.Jur. 2d, Insurance, § 321. Thus, Carlton L. Small had a right to name the corporation as his beneficiary without affecting the validity of the contract. Thereafter, the corporation had a right to designate the individuals to replace it as beneficiaries, both by virtue of the specific reservation to that effect in the original policy and by reason of the fact that it was in law the owner of the policy following the endorsement of June 17, 1938.

Doyle v. Gifford, Ohio App.1938, 28 Ohio Law Abs. 602.

██ Even if the corporation is considered as having procured the policy on the life of Carlton L. Small, its president, it had an insurable interest in him at the time the insurance became operative, and, therefore, the policy was a valid one. United States v. Supplee-Biddle Hardware Co., 1924, 265 U.S. 189, 44 S.Ct. 546, 68 L.Ed. 970; Connecticut Mutual Life Insurance Company v. Schaefer, 1876, 94 U.S. 457, 24 L.Ed. 251; Keckley v. Coshocton Glass Co., 1912, 86 Ohio St. 213, 99 N.E. 299; 30 O.Jur.2d, Insurance, § 323.

The decision of the Supreme Court in Warnock v. Davis, 1881, 104 U.S. 775, 26 L.Ed. 924, was cited as being contrary to appellants' position. In that case, however, the Court condemned the practice of an individual insuring his own life and thereafter assigning the policy to one not having an insurance interest in him. It was said that such a situation promotes a desire for the early death of the insured. That rationale cannot be applied to the case of a corporation insuring the life of its president and thereafter naming its shareholders as beneficiaries. Neither the corporation nor the shareholders stands to benefit by the early demise of the president, except in the most fundamentally pecuniary sense of the term "benefit". But the same is true of every policy of life insurance, that the beneficiary will at some time realize a pecuniary benefit from the death of the insured. That consideration cannot be utilized to label an otherwise valid life insurance contract as a wagering contract.

Thus, it appears that whether the contract be considered as having been taken out either by Carlton L. Small or by the firm of Smead & Small, Inc., it was a valid one at its inception under Ohio law.

█ The policy having been valid at its inception it cannot be considered as a wagering contract. It is sufficient that there be an insurable interest at the time the policy is taken out. Keckley v. Coshocton Glass Co., supra, 30 O.Jur.2d, Insurance, § 320. It should be pointed out that the insurance company interposed no such defense, but promptly paid the proceeds of insurance to the beneficiaries upon the death of the insured. The Tax Court was in error in holding that the contract of insurance was a wagering contract.

The Government contends that the judgment below was correct and should be affirmed, although on a different ground than that relied upon by the Tax Court. J. E. Riley Investment Company v. Commissioner, 1940, 311 U.S. 55, 59, 61 S.Ct. 95, 85 L.Ed. 36; Helvering v. Gowran, 1937, 302 U.S. 238, 245, 58 S.Ct. 154, 82 L.Ed. 224. It renews its contention, made in the Tax Court though not adopted there, that the proceeds of insurance constituted a taxable dividend to appellants. The Government points out that the corporation carried the policy on its books as an asset, paid the premiums, had full rights of ownership and could have changed beneficiaries under it at any time. All of these factors relate to the policy itself, and do not touch on the matter of the proceeds of the insurance.

Section 115(a) of the Internal Revenue Code of 1939, 26 U.S.C.A. § 115(a) defines a dividend as:

"any distribution made by a corporation to its shareholders, whether in money or in other property, (1) out of its earnings or profits accumulated after February 28, 1913, or (2) out of the earnings or profits of the taxable year * * *."

By the terms of the statute the proceeds of the policy in question do not qualify as a dividend. The distribution was not made by the corporation. The proceeds of insurance were never an asset of Smead & Small, Inc. At no time did the corporation have either legal or equitable title thereto, or possession or control thereof. Upon the death of the insured, the interest of the beneficiaries in the insurance, which theretofore had been contingent or inchoate, became vested and the proceeds thereof were paid by the insurance company direct to the bene-

ficiaries as required by the provisions of the insurance contract. Hence, in no sense were they a dividend. Cf. Stern v. Commissioner, 6 Cir., 1957, 242 F.2d 322, affirmed 357 U.S. 39, 78 S.Ct. 1047, 2 L.Ed. 1126; Katz v. Ohio National Bank, 1934, 127 Ohio St. 531, 191 N.E. 782; Oetting v. Sparks, 1923, 109 Ohio St. 94, 143 N.E. 184.

In both Cummings v. Commissioner, 1 Cir., 1934, 73 F.2d 477, and May v. Commissioner, 20 B.T.A. 282, the proceeds of a life insurance policy were paid to the corporation and thereafter distributed by the corporation to its shareholders. Those distributions were properly considered dividends under the statute. Golden v. Commissioner, 2 Cir., 1940, 113 F.2d 590, concerned a plan of distribution whereby the proceeds of life insurance policies procured by a corporation were paid into a trust fund and the fund distributed by a trustee to the shareholders. In that event, the stockholders were deriving their income from the trust created for their benefit by the corporation, i. e., as a distribution made by the corporation through the instrumentality of a trust agreement. Therefore, it may be questioned whether, in such a case, the shareholders were receiving "amounts under a life insurance contract by reason of the death of the insured", even though the trust corpus was composed entirely of the insurance proceeds.

But the Government urges that "The transactions here must be considered as if the corporation had received the proceeds (which had been purchased by premiums paid out of corporate funds) and then had distributed them to its shareholders. The short-cut method used by which the corporation designated beneficiaries who were to receive directly the proceeds from a policy which it alone owned is of no consequence in determining the taxability of the proceeds."

Since the corporation was not entitled to receive the proceeds of the insurance under the provisions of the insurance contract and did not in fact receive them, we are unable to consider the case as if it had. We cannot ignore the plain language of the insurance contract and the payment actually made by the insurance company to the beneficiary thereunder.

We have not considered the right of the Government to tax the premiums paid as a dividend to the beneficiaries or to follow the cash surrender value of the insurance into the hands of the beneficiaries as these questions were not presented either to the Tax Court or here.

Since under Ohio law the contract of life insurance was a valid one at its inception, and the proceeds thereof were received by appellants "under a life insurance contract by reason of the death of the insured" rather than as a "distribution made by the corporation to its shareholders", it follows that the judgment of the Tax Court should be reversed and the cause remanded to that Court for further proceedings consistent with the views herein expressed.