Joseph F. SAVAGE, Lesley Andrew, and Daniel Creem Savage, as Executors of the Last Will and Testament of Edna Savage Becker, deceased, Appellants,

v.

UNITED STATES of America, Appellee.

No. 347, Docket 28640.

United States Court of Appeals Second Circuit.

Argued March 19, 1964.

Decided May 14, 1964.

Arthur M. Boal of Boal, McQuade & Fitzpatrick, New York City, for plaintiffs-appellants.

Loring W. Post, Dept. of Justice Atty., Washington, D. C. (Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson and Melva M. Graney, Washington, D. C., on the brief; Joseph P. Hoey, U. S. Atty. for Eastern Dist. of New York, and Stanley F. Meltzer, Asst. U. S. Atty., of counsel), for the United States.

Before LUMBARD, Chief Judge, and FRIENDLY and HAYS, Circuit Judges.

HAYS, Circuit Judge.

The taxpayers, who are the executors of the estate of Edna Savage Becker, appeal from a determination by the district court that the proceeds of two insurance policies taken out by Mrs. Becker on the life of her husband, who predeceased her, are includible in her gross estate for purposes of the federal estate tax under Section 811(c) (1) (B) of the Internal Revenue Code of 1939.

The applicable portion of the statute reads as follows:

"Sec. 811.  Gross estate

"The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated, except real property situated outside of the United States—

\*　　\*　　\*　　\*　　\*　　\*

"(c) [as amended by Sec. 7(c) of the Technical Changes Act of 1949 (Act of October 25, 1949), ch. 720, 63 Stat. 891, and Sec. 207(a), Technical Changes Act of 1953, ch. 512, 67 Stat. 615] *Transfers in contemplation of, or taking effect at, death*

"(1) *General rule.* To the extent of any interest therein of which the decedent has at any time made a transfer (except in case of a bona fide sale for an adequate and full consideration in money or money's worth), by trust or otherwise—

\*　　\*　　\*　　\*　　\*　　\*

"(B) under which he has retained for his life or for any period not ascertainable without reference to his death or for any period which does not in fact end before his death (i) the possession or enjoyment of, or the right to the income from, the property, or (ii) the right, either alone or in conjunction with any person, to designate the persons who shall possess or enjoy the property or the income therefrom;

\*　　\*　　\*　　\*　　\*　　\*

"Subparagraph (B) shall not apply to a transfer made before March 4, 1931 \* \* \*."

We hold that the dispositive issue concerns the applicability of the proviso to subparagraph (B), excepting transfers made before March 4, 1931, and that, there having been no such transfer, the proceeds of the life insurance policies are properly includible in the decedent's gross estate.

In 1924 and 1925 the decedent took out two identical policies of insurance on the life of her husband in the total face amount of $125,000. The decedent paid the premiums as they fell due and reserved to herself, acting alone, the right to surrender the policies for cash, to borrow on them and to change the beneficiary and the choice of settlement option. However, the decedent did not change the designation of beneficiaries and the settlement option made when the policies were first issued. The policies provided that if Mrs. Becker survived her husband the company was to retain the proceeds and pay the interest on the amount so retained to her for life and then, in equal parts, for their lives to those of her children by her first husband who survived her, the several parts of the principal amount to be paid to the estate of each child at its death.

Decedent's first husband died on April 18, 1931. That event matured the policies and terminated absolutely the decedent's right to change the beneficiaries or the settlement option. Thereafter, the company paid interest on the principal amount to the decedent until her death in

1954, after which time the principal was held for the benefit of the children as provided in the decedent's designation.

The taxpayers-executors of the decedent's estate filed an estate tax return but did not include the insurance proceeds of $126,046.25, including accumulated dividends. The Commissioner of Internal Revenue determined that the proceeds constituted a part of the decedent's gross estate for purposes of the federal estate tax under Section 811(c) (1) (B) of the 1939 Code. After paying the resulting deficiency the taxpayers filed a timely claim for refund, which was disallowed. They then instituted this action. The judgment of the district court upheld the Commissioner, though on different reasoning from that by which this court reaches the same result.

We find that there was no transfer at all prior to March 4, 1931.[1] The act of taking out the insurance policies did not result in the transfer of any property. The revocable settlement option created no trust in favor of the beneficiaries. 2 Appleman, Insurance Law & Practice § 1212 at 665 (1941). Neither the beneficiaries nor anyone else had any right to prevent the decedent's assigning the policy. Their consent to such an assignment was not required. 2 Appleman, supra, § 1282. Decedent could change the beneficiaries at any time. She could borrow on the policies or surrender them for cash. In sum, the decedent was the complete legal owner of the policies and of the rights that they conferred over the insurance proceeds until April 18, 1931, when the beneficiaries' interest in the

1. It may also be argued that even if there was a "transfer," it does not come within the terms of the proviso to subsection (B). The argument is based upon the legislative history of Section 811(c) (1) (B) and its successor provision, Section 2036 of the 1954 Code which we summarized in Commissioner v. Estate of Canfield, 306 F.2d 1 (2d Cir. 1962); see also Commissioner v. Estate of Arents, 297 F.2d 894 (2d Cir.), cert. denied, 369 U.S. 848, 82 S.Ct. 932, 8 L.Ed.2d 9 (1962). We there concluded that the primary purpose of the proviso exempting transfers made before March 4, 1931—the day after the Joint Resolution that enacted the predecessor to Section 811(c) (1) (B)— was to exempt transfers that may have been consummated in reliance upon the principle established in May v. Heiner, 281 U.S. 238, 50 S.Ct. 286, 74 L.Ed. 826 (1930), and the three per curiam opinions which were handed down on March 2, 1931, on the authority of the May case, and which led to the enactment of the statute. Burnet v. Northern Trust Co., 283 U.S. 782, 51 S.Ct. 342, 75 L.Ed. 1412 (1931); McCormick v. Burnet, 283 U.S. 784, 51 S.Ct. 343, 75 L.Ed. 1413 (1931); Morsman v. Burnet, 283 U.S. 783, 51 S.Ct. 343, 75 L.Ed. 1412 (1931). Those decisions held that, unless the transferor retained the power to return legal title to himself unilaterally, the formal transfer of title was sufficient to avoid the estate tax, even though a life interest in the income was retained. On the other hand, if the transferor could unilaterally revoke the transfer of title and a life

interest was retained, the property was subject to the estate tax. Reinecke v. Northern Trust Co., 278 U.S. 339, 49 S.Ct. 123, 73 L.Ed. 410 (1929); see also Porter v. Commissioner, 288 U.S. 436, 53 S.Ct. 451, 77 L.Ed. 880 (1933).

In the present case even if the decedent's acts before March 4, 1931, were deemed to constitute a "transfer" that transfer, since it was wholly revocable could not have been effected in reliance on May v. Heiner, supra, and its progeny. The Court of Claims has held that revocable transactions are not "transfers" within the meaning of the proviso to Section 811 (c) (1) (B). Smith v. United States, 134 Ct.Cl. 136, 139 F.Supp. 305 (1956); accord, Studebaker v. United States, 195 F.Supp. 841 (N.D.Ind.1861). In Commissioner v. Estate of Canfield, supra, this court expressly reserved the question whether a revocable trust would constitute a "transfer" within the meaning of the proviso. The court said:

"[C]ongressional purpose to protect those who may have relied on May v. Heiner, would seem to support imposition of the tax where legal title is not irrevocably placed in a trust. On the other hand, a literal interpretation of the word 'transfer' as used in the Code would lead to the conclusion that all pre-1931 'transfers,' regardless of retained powers, are exempted."

306 F.2d at 8 n. 14.

We still need not decide the issue of whether a revocable transfer is within the proviso, since we hold that here there was no transfer at all.

proceeds became vested. Ducros v. Commissioner, 272 F.2d 49, 50 (6th Cir. 1959).

Taxpayers' argument that the decedent could not have transferred the insurance proceeds after March 4, 1931, because her control over the policies was terminated at the same instant that the proceeds came into existence, puts too narrow a limitation on the meaning of the word "transfer." The concept of "transfer" includes, for example, the transfer upon death of property procured through a person's prior acts and expenditures whether the shifting of legal interests is effected by the death of the decedent, United States v. Manufacturers Nat'l Bank, 363 U.S. 194, 198–199, 80 S.Ct. 1103, 4 L.Ed.2d 1158 (1960); Chase Nat'l Bank v. United States, 278 U.S. 327, 337, 49 S.Ct. 126, 73 L.Ed. 405 (1929), or the death of a third party, In re Estate of Pyle v. Commissioner, 313 F.2d 328 (3d Cir. 1963). So in the present case it may be said that the terms of the subsequent transfer were fixed before March 4, 1931, but that the transfer itself was effected only upon the death of the husband on April 18, 1931.

If one looks for formal acts which will constitute a transfer one may consider the acts of the decedent and the insurance company in completing the arrangements under the settlement option after the death of decedent's husband. On May 9, 1931, decedent submitted the policies to the company, presumably with a proof of claim, and on May 12, 1931, the company issued an interest certificate to decedent. That certificate recited that the parties had agreed that the company would retain the insurance proceeds and set forth, in accordance with the settlement option, the obligations of the company with respect to payment of interest and principal. Thus the only formal acts of transfer that occurred took place after March 3, 1931.

But whether the transfer took place upon the death of Mrs. Becker's husband or subsequently when proof of claim was filed or at some other time, we find that no transfer occurred prior to March 4, 1931, and we hold therefore that the insurance proceeds were not exempted from the estate tax by the proviso to Section 811(c) (1) (B).

We accordingly affirm the judgment of the court below.